UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C & C PROPERTIES, INC., a California corporation; JEC PANAMA, LLC, a California limited liability company; WINGS WAY, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SHELL PIPELINE COMPANY, a Delaware limited partnership; ALON USA PARAMOUNT PETROLEUM CORPORATION, a Delaware corporation; CHEVRON PIPE LINE COMPANY, a Delaware corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | No.  1:14-cv-01889-JAM-JLT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

Defendant Chevron Pipe Line Company ("Chevron PLC") has moved (Doc. #45) to join Chevron U.S.A. Inc. ("Chevron USA") as a necessary party pursuant to Federal Rule of Civil Procedure 19(a), or, in the alternative, to dismiss Plaintiffs C & C Properties, Inc., JEC Panama, LLC, and Wings Way, LLC's (collectively "Plaintiffs") First Amended Complaint ("FAC") (Doc.

1

#32) pursuant to Rules 19(b) and 12(b)(7).[1]

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Chevron USA sold 138 acres of undeveloped real property in Bakersfield, California ("the Property") to Plaintiffs. Plaintiffs discovered Chevron USA had granted three recorded easements in the subject property to Shell Oil Company, who later assigned the easements to Defendant Shell Pipeline Company ("Shell Pipeline"). Plaintiffs also discovered several unrecorded easements for additional pipelines, one of which was assigned to Defendant Alon USA Paramount Petroleum Corporation ("Alon"). The easements involved the right to lay pipelines across the Property, but included restrictive provisions and a relocation clause. In addition, Chevron PLC owns and operates another oil or gas pipeline on the Property without an easement and without Plaintiffs' consent. In total, Plaintiffs allege Shell Pipeline has at least four pipelines on the Property, Alon has at least one pipeline, and Chevron PLC owns and operates another one.

The FAC alleges that these pipelines lay outside the prescribed easements, were improperly assigned, and that despite demands by Plaintiffs to remove or relocate these pipelines, all of the Defendants have failed to comply, resulting in significant damages to Plaintiffs. The FAC states seven causes of action: (1) Breach of Contract against Shell Pipeline and Alon;

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 3, 2015.

(2) Declaratory Relief ("Termination of Personal Easements") against Shell Pipeline and Alon; (3) Declaratory Relief ("Indemnity") against Shell Pipeline and Alon; (4) Trespass against Shell Pipeline, Alon and Chevron PLC (collectively "Defendants"); (5) Intentional Interference with Prospective Economic Advantage against Defendants; (6) Negligent Interference with Prospective Economic Advantage against Defendants; and (7) Injunctive Relief ("Specific Performance") against Shell Pipeline and Alon.

## II.   OPINION

### A.   Request for Judicial Notice

Chevron PLC requests the Court take notice (Doc. #45-1) that Chevron USA's corporate headquarters is in San Ramon, California. Federal Rule of Evidence 201 provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

According to the records provided by Chevron PLC from the California Secretary of State website, Chevron USA's corporate headquarters are in fact in San Ramon, California. Plaintiffs do not dispute the accuracy of this fact. The Court grants Chevron PLC's request.

### B.   Discussion

Chevron PLC contends that Chevron USA is a necessary and indispensible party to this action pursuant to Rule 19. It has provided declarations indicating that the pipeline alleged to be owned and operated by Chevron PLC is actually owned by Chevron

USA and only operated by Chevron PLC, and therefore complete relief cannot be granted in this action in Chevron USA's absence. Because joinder of Chevron USA would destroy diversity jurisdiction, Chevron PLC argues the FAC should be dismissed pursuant to Rule 12(b)(7).

Pursuant to Federal Rule of Civil Procedure 12(b)(7), a party may move to dismiss a case for "failure to join a party under Rule 19." Rule 19 governs the required joinder of parties and imposes a three-step inquiry: (1) whether an absent party is necessary (i.e., required to be joined if feasible) under Rule 19(a); (2) if so, whether it is feasible to order that absent party to be joined; and (3) if joinder is not feasible, whether the case can proceed without the absent party, or whether the absent party is indispensable such that the action must be dismissed. Salt River Project Agric. Improvement & Power Dist. v. Lee, 672 F.3d 1176, 1179 (9th Cir. 2012); Patera v. Citibank, N.A., No. 14-CV-04533-JSC, 2015 WL 3398269, at *1 (N.D. Cal. 2015). "The inquiry under [Rule] 19 is 'a practical one and fact specific . . . and is designed to avoid the harsh results of rigid application.'" Global Cmty. Monitor v. Mammoth Pac., L.P., No. 2:14-CV-01612-MCE, 2015 WL 2235815, at *4 (E.D. Cal. 2015) (quoting Makah Indian Tribe v. Verity, 920 F.3d 555, 558 (1990)). The burden is on the moving party to produce evidence in support of the motion. Salt River Project, at 1179.

It does not appear that Plaintiffs are challenging Chevron PLC's contention that Chevron USA is a "necessary" party under the first step of the inquiry or that joinder of Chevron USA would destroy diversity, making joinder "not feasible" under the

4

second step.  Rather, Plaintiffs contend that Chevron USA is not indispensible under the third inquiry and therefore the entire action should not be dismissed.  The Court agrees that Chevron USA, as owner of one of the pipelines at issue in this action, would certainly have an interest in this litigation and should be joined if feasible.  It is further determined that joining Chevron USA, a corporation with its corporate headquarters in California, would destroy diversity, making joinder not feasible. With respect to the third inquiry, Plaintiffs argue that Chevron USA would have been made a party to this action but for binding contractual arbitration.  Plaintiffs' claims against Chevron USA are now pending in arbitration, and therefore they could not and cannot be joined here.  In their Opposition (Doc. #52), Plaintiffs argue Chevron PLC's motion should be denied because otherwise Plaintiffs would be without a forum to litigate their claims, Chevron PLC should have joined the arbitration against Chevron USA if it preferred that forum, relief can be fashioned to avoid any prejudice in Chevron USA's absence, and the present action is the most efficient available way to provide complete relief.  Opp. at pp. 4-8.

Rule 19(b) provides the factors to consider under the third inquiry:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy

5

if the action were dismissed for nonjoinder. "Indispensable parties under Rule 19(b) are 'persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.'" E.E.O.C. v. Peabody W. Coal Co., 400 F.3d 774, 780 (9th Cir. 2005) (quoting Shields v. Barrow, 58 U.S. 130, 139, 15 L. Ed. 158 (1854)).

Chevron USA owns one of the pipelines at issue in this case. Clearly any relief awarded regarding that pipeline would prejudice Chevron USA and, due to the pending arbitration between Chevron USA and Plaintiffs, could result in inconsistent rulings. Plaintiffs' arguments that relief can be awarded regarding Chevron PLC and the pipeline it operates without prejudicing Chevron USA are unpersuasive.

However, the FAC seeks relief regarding pipelines not owned or operated by Chevron USA or Chevron PLC. As stated, "[t]he inquiry under [Rule] 19 is 'a practical one and fact specific . . . and is designed to avoid the harsh results of rigid application.'" Global Cmty. Monitor, 2015 WL 2235815, at *4. Chevron PLC has failed to indicate why the Court should dismiss the entire action as a result of Chevron USA's absence, rather than craft more nuanced relief to avoid such "harsh results."

Based on the FAC and the evidence provided by Chevron PLC, the damage allegedly caused by each of the pipelines at issue is independent of that caused by the other pipelines, and there is no indication that relief regarding one would materially affect

6

the others.  Therefore, a ruling regarding one of the pipelines and its owner could be made without affecting the other pipelines and their owners.  The Court concludes that allowing Plaintiffs' claims against Shell Pipeline and Alon (regarding their pipelines) to proceed without Chevron USA would not prejudice the interests of Chevron USA or the existing parties.  In other words, the relief sought against Alon and Shell Pipeline could be awarded or denied without affecting Plaintiffs' claims against Chevron PLC or Chevron USA or prejudicing Chevron PLC and Chevron USA's interests.

After careful analysis, the Court finds the motion to dismiss for nonjoinder should be granted as to the claims against Chevron PLC and as to any relief sought regarding the pipeline owned by Chevron USA.  However, to the extent Chevron PLC's motion seeks to dismiss the action with regard to the other pipelines, including those owned by Shell Pipeline and Alon, it is denied.

### III.  ORDER

For the reasons set forth above, the Court GRANTS Chevron PLC's motion to dismiss pursuant to Rule 12(b)(7) regarding Plaintiffs' claims against Chevron PLC and any relief sought affecting the pipeline owned by Chevron USA.  However, the Court DENIES the motion to dismiss as to the remaining causes of action and relief sought.

IT IS SO ORDERED.

Dated:   June 9, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE