UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C & C PROPERTIES, INC., a California corporation; JEC PANAMA, LLC, a California limited liability company; and WINGS WAY, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SHELL PIPELINE COMPANY, a Delaware limited partnership; ALON USA PETROLEUM CORPORATION, a Delaware Corporation; EOTT ENERGY OPERATING LIMITED PARTNERSHIP, a Delaware limited partnership; PLAINS ALL AMERICAN GP, LLC, a Delaware limited liability company; and DOES 1 through 25, inclusive,<br><br>Defendants. | No.  1:14-cv-01889-DAD-JLT<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR SANCTIONS AND GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(Doc. Nos. 83, 93) |

Currently before the court are two motions brought by C & C Properties, Inc.; JEC Panama, LLC; and Wings Way, LLC ("plaintiffs"). In the first motion—filed February 12, 2016—plaintiffs seek an order from this court requiring that defendants Shell Pipeline Company ("Shell") and Alon USA Petroleum Corporation ("Alon") (collectively, "defendants") remove certain gas and oil pipelines from plaintiffs' land within ten (10) days. (Doc. No. 83.) In the same motion, plaintiffs request that this court levy sanctions against defendants Shell and Alon

1

for failing to timely remove the pipelines. (*Id.*) Defendants Shell and Alon filed separate oppositions on April 5, 2016. (Docs. No. 97, 98.) In the second motion—filed March 15, 2016—plaintiffs seek leave to file a second amended complaint in this action. (Doc. No. 93.) Defendants filed an opposition to plaintiffs' motion for leave to amend on April 5, 2016. (Doc. No. 96.) The court heard oral arguments with respect to both motions on April 19, 2016. Attorney Tom Vogele appeared on behalf of plaintiffs, and attorney Kevin Day appeared on behalf of defendants.

## I. Introduction

### a. Motion for Sanctions

On June 28, 2013, plaintiffs' purchased 138 acres of undeveloped land in Bakersfield, California from Chevron USA, Inc. ("Chevron") with the intent of developing the land for commercial and industrial use. (Doc. No. 32, First Amendment Complaint ("FAC") at ¶ 14.) Plaintiffs discovered that Chevron had granted three pipeline easements across the property to Shell Oil Company, which in turn transferred the easement to defendant Shell. (*Id.* at ¶ 15.) Plaintiffs also discovered several unrecorded pipeline easements across their property, one of which was assigned to defendant Alon. All of the easements included restrictive provisions and a relocation clause. Plaintiffs subsequently discovered that the pipelines materially interfered with their planned development of the property—a cause for removal or relocation of the pipelines pursuant to the terms of the easements—and sought a preliminary injunction to have the interfering pipelines removed or relocated. (Doc. No. 83, Motion for Sanctions at 2–3.) More specifically, plaintiffs sought removal or relocation of a 12" and 14" pipeline owned by defendant Shell and a 10" pipeline owned by defendant Alon. (*Id.* at 3.) Plaintiffs and defendants met and conferred on September 8, 2015, and as a result, defendant Shell agreed to remove its 12" pipeline,[1] and defendant Alon its 10" pipeline, by January 6, 2016. On September 23, 2015, United States Magistrate Judge Jennifer L. Thurston, issued findings and recommendations recommending that plaintiffs' preliminary injunction seeking relief with respect to defendant

---

[1] Defendant Shell removed the 12" pipeline in December 2015. (Doc. No. 98, Def't Shell Pipeline Company's Opp'n to Pls' Mot. for an Order Awarding Sanctions ("Shell Opp.") at 1.)

2

Shell be granted.[2]  (Doc. No. 72.)  The then-assigned district judge, United States District Judge John A. Mendez, adopted those findings and recommendations on December 3, 2015.  (Doc. No. 76.)

Plaintiffs contend that, as of February 12, 2016, defendant Alon has failed to adhere to the course of action agreed upon at the September 8, 2015 meet and confer and defendant Shell has not abided by the terms of the preliminary injunction.  (Motion for Sanctions at 4–8.)  As a result, plaintiffs ask this court to exercise its inherent power to levy sanctions against both defendants and to issue an order requiring removal of the pipelines within ten (10) days.

Both defendants argue that sanctions are not warranted because any delay in removing the pipelines in question was not the product of bad-faith or indifference on their part.  Rather, according to defendants, the delays can be attributed to acts of plaintiffs and third parties, including plaintiffs' own delay in posting the requisite bond as well as difficulty encountered in obtaining project approval from multiple parties, including city and county agencies.  Defendant Alon also argues that plaintiffs' request for an order requiring removal of its pipeline has been rendered moot because that pipeline has since been removed.  (Doc. No. 97, Defendant Alon USA Paramount Petroleum Corporation's Opposition to Plaintiffs' Motion for an Order Awarding Sanctions ("Alon Opp.") at 2.)  In their opposition, defendant Shell states that it will now begin removing its 14" pipeline on April 5, 2016.  (Shell Opp. at 5.)

In their reply, plaintiffs argued for the first time that defendant Alon caused additional interference with plaintiffs' land by backfilling the trench which was dug to remove the 10" pipeline with one-sack concrete slurry.  (Doc. No. 100, Reply to Motion for Sanctions ("Reply") at 5.)  Plaintiffs argue that the concrete backfill interferes with their ability to lay utility lines, and estimates the cost of the concrete removal to be approximately $16,974.00.  (*Id*. at 5–6.)  Plaintiffs request that the court order defendants to remove the backfill or to reimburse plaintiffs for doing so.  (*Id*. at 6.)

/////

---

[2]  Apparently because it agreed to remove its pipeline, defendant Alon was dropped from the motion for preliminary injunction by plaintiff.

3

### b. *Motion for Leave to Amend Plaintiffs' FAC*

As noted above, plaintiffs also seek leave to file a second amended complaint. (Doc. No. 93, Plaintiffs' Motion for Leave to File Seconded Amended Complaint ("Mot. for Leave").) According to plaintiffs, they wish to amend their pleadings to clarify that their breach of contract cause of action includes the unrecorded easements, as opposed to merely the recorded easements. (*Id*. at 2.) Plaintiffs are motivated to make this amendment because of an observation in Magistrate Judge Thurston's findings and recommendations that plaintiffs' failed to provide adequate notice to defendants that the breach of contract cause of action also included the unrecorded easements. (Doc. No. 72, Findings and Recommendations Granting in Part Plaintiffs' Motion for a Preliminary Injunction ("F&Rs") at 7.) Plaintiffs also seek to add claims for restitution and disgorgement, accounting and tracing, constructive trust, and equitable lien remedies to their pleadings. (Mot. for Leave at 110.) Plaintiffs filed their motion for leave to amend on March 15, 2016, approximately six months after Magistrate Judge Thurston issued her findings and recommendations (September 23, 2015) and four months after the order adopting the findings and recommendations (December 3, 2015). (Doc. No. 76.) Defendants contend plaintiffs have unreasonably delayed seeking leave to amend their breach of contract cause of action, and plaintiffs' request to add equitable remedies to their trespass cause of action is futile. (Doc. No. 96, Defendants Shell Pipeline Company and Alon USA Paramount Petroleum's Opposition to Plaintiffs' Motion for Leave to Filed Second Amended Complaint ("Amend Opp.") at 4, 5.)

Below, the court will address each of the motions in turn.

## II. Motion for Sanctions

### a. *Legal Standard*

Courts possess the inherent power "to sanction a litigant for bad-faith conduct." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 35 (1991). But, inherent powers must be exercised with "restraint and discretion" and with the aim of "achiev[ing] the orderly and expeditious disposition of [a] case[ ]." *Id*. at 43, 44. Generally, to be deserving of such sanctions, a litigant must have engaged in "willful disobedience of a court order" or "acted in bad faith, vexatiously, wantonly,

or for oppressive reasons." *Id*. at 45–46 (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 257–58, 258–59 (1975)).  Mere recklessness is not enough to warrant the imposition of sanctions, and a court must "specifically find bad faith or conduct tantamount to bad faith . . . [or] improper purpose[.]" *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

          *b. Analysis*

          The court finds that the imposition of sanctions is not warranted in this instance.  Plaintiffs argue that such a course of action is called for because defendants have missed deadlines—either agreed upon by the parties or imposed by the court—to remove their pipelines from plaintiffs' property.  Such behavior, in and of itself, does not justify the exercise of the court's inherent powers to levy sanctions against litigants.  As both the Supreme Court and Ninth Circuit have explained, inherent power sanctions are appropriate only when a litigant has acted in "bad faith" or with "improper purpose." *Chambers*, 501 U.S. at 44; *Fink*, 239 F.3d at 994.  Defendants have shown through declarations that the delays in removing the pipelines in question were not due to bad faith—or even recklessness or negligence—but, rather, the inherent difficulty of removing underground, pressurized gas and oil pipelines as well as garnering approval for such a project from both private and public parties.[3]  (Doc. No. 97, Declaration of Mohsen Ahmadi ("Ahmadi

---

[3] A recap of the chronology of this case reflects that defendants have not acted in bad faith or with improper purpose.  Defendant Alon agreed to remove its pipeline from plaintiffs' land within 120 days on September 8, 2015.  (Motion for Sanctions at 3.)  Throughout October and November 2015, Alon met with Kern County officials regarding possibly relocating the pipeline across or underneath Merle Haggard Drive.  (Ahmadi Decl. at ¶ 5.)  Defendant Alon employed a design engineering firm in November and December of 2015 to review routing and design for the project.  (*Id*. at ¶ 6.)  Alon began the process of removing the pipeline in February 2016, a process which required it to isolate and then purge the pipeline, as directed by the Eastern Kern Air Pollution Control District, and which was eventually completed in the beginning of March 2016.  (*Id*. at ¶ 7.)  Defendant Shell pursued a somewhat similar course of conduct.  Upon the district judge's adoption of the findings and recommendations on December 3, 2015, Shell prepared a submittal package for the Kern County Planning Department ("KCP") detailing the removal plan and delivered that package on January 11, 2016.  (Doc. No. 98 at 36.)  KCP informed defendant Shell on January 19, 2016 that the plan would not be approved because the resulting disruption in traffic and advising that Shell would instead need to abandon and fill a portion of the pipeline that ran under the surface of Merle Haggard Drive.  (*Id*. at 36–37.)  Shell then worked with KCP to determine a demarcation point (i.e., where the pipeline would be abandoned and filled); however, a demarcation point that was agreed upon on February 1, 2016 was subsequently abandoned when plaintiffs notified Shell and KCP that they preferred a point further west.  (*Id*. at 37.)  According to Shell, a decision regarding the demarcation point was further delayed when plaintiffs failed to

Decl.") at ¶¶ 5–8; Doc. No. 98 at 35–38.)

Under these circumstances, the court declines to impose sanctions against defendants pursuant to its inherent powers to do so.

### III. Leave to Amend Pursuant to Fed. R. Civ. P. 15

*a. Legal Standard*

Federal Rule of Civil Procedure 15 governs amendments to pleadings. The rule encourages courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has explained that Rule 15's objective is to give a plaintiff "an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). District courts are to consider the following factors in deciding whether to grant leave to amend: (1) undue delay; (2) evidence of the movant's bad faith or dilatory motive; (3) repeated failures to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Id*. District courts need not give all of these factors equal weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party is the touchstone of any Rule 15 inquiry and carries the greatest weight. *Id*. (citing and quoting *Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d. 363, 368 (5th Cir. 2001)). The party opposing amendment bears the burden of demonstrating prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

"Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052. All inferences should be in favor of granting the motion. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd.*, 833 F.2d at 186). Courts retain discretion to deny leave to amend, but any such denial must include a specific

---

bring certain plans to a field meeting between plaintiffs, KCP, and Shell. (*Id*.) Eventually, a demarcation point was agreed upon, plans were submitted, and defendant Shell was ready to begin work on March 28, 2016 when, according to Shell, plaintiffs issued new removal requirements. (*Id*. at 37–38.) Shell revised its plans again to meet plaintiffs' new requirements and was ready to begin removal on April 5, 2016 as of the filing of their opposition to the pending motion. (*Id*. at 38.) Absent from this chronology, in the undersigned's view is any sign of bad-faith or purposeful undue delay on the part of defendants.

finding of prejudice, bad faith, or futility of amendment. *DCD Programs, Ltd.*, 833 F.2d at 186–87.

    b. *Analysis*

  Defendants argue that this court should deny leave to amend for two reasons. First, defendants contend plaintiffs' request for leave to amend is untimely, coming eight months after a magistrate judge first pointed out the deficiencies in plaintiffs' pleading. Second, defendants oppose plaintiffs' motion on the grounds that plaintiffs' proposed amendment to its trespass cause of action as well as to the relief sought are futile. More specifically, defendants assert that equitable remedies, such as unjust enrichment and restitution, are "not allowed in cases of wrongful dispossession of land because the remedy of tort damages is adequate." (Amend Opp. at 6.) Neither argument is persuasive.

  First, this court finds that plaintiffs did not unduly delay in seeking leave to amend. Defendants claim that the Ninth Circuit's holding in *Texaco, Inc. v. Ponsoldt* supports their contention that an eight month gap in time constitutes an unreasonable delay in filing an amended complaint. 939 F.2d 794 (1991). However, in that case, Texaco waited eight months "after the district court granted summary judgment against it, and nearly two years after filing the initial complaint." *Id*. at 798-99. Here, the need to amend the complaint did not become fully realized until the magistrate judge's findings and recommendations—observing that plaintiffs' first cause of action was not expansive enough to include the unrecorded pipeline easements—were adopted by the district judge on December 7, 2015. (Doc. No. 77.) Using this date as the starting point, plaintiffs waited no more than three months to file the motion to amend currently before the court. *Cf. Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (finding undue delay when plaintiffs waited a year to file an amended complaint after first announcing their intent to do so). Here, the court finds there has been no undue delay by plaintiffs.

  Second, the court finds that plaintiffs proposed amendments to the relief sought section of their complaint are not futile. California Civil Code § 3334 states:

> (a) The detriment cause by the wrongful occupation of real property . . . is deemed to include the value of the use of the property for the

7

> time of that wrongful occupation . . . (b)(1) [e]xcept as provided in paragraph (2), for purposes of subdivision (a), the value of the use of the property shall be the greater of the reasonable rental value of that property or the benefits obtained by the person wrongfully occupying the property by reason of that wrongful occupation.

Thus, the plain language of the statute would appear to undermine defendants' argument that plaintiffs are limited to "tort damages" with respect to their trespass cause of action. *Bailey v. Outdoor Media Group*, 155 Cal. App. 4th 778, 787-88 (2007) (holding that landowner was entitled to profits obtained by trespassing billboard operator pursuant to § 3334).

Finally, this court notes that there is an absence here of "strong evidence of . . . bad faith . . . [or] undue prejudice to the opposing party." *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman*, 371 U.S. at 182) (quotation marks omitted). Discovery in this action is not only ongoing, it is in the preliminary stages. Plaintiffs do not appear to be engaging in eleventh hour maneuvering. Thus, because there is no strong evidence warranting denial of plaintiffs' motion to amend, and because district courts are instructed to "liberally allow a party to amend its pleadings," *id.*, plaintiffs' motion to amend their complaint will be granted.

### IV.   Conclusion

For the reasons set forth above:

(1) Plaintiffs' motion for sanctions (Doc. No. 83) is denied without prejudice;

(2) The parties shall file a joint status report regarding the status of the removal of the 14" pipeline by defendant Shell within 10 days of the issuance of this order; and

(3) Plaintiffs' motion for leave to amend (Doc. No. 93) is granted and plaintiffs' are directed to electronically file the proposed second amended complaint attached as Exhibit 5 to the Motion to Amend within seven days of the date of this order.

IT IS SO ORDERED.

Dated:  **May 2, 2016**            _____
                                    UNITED STATES DISTRICT JUDGE