KEITH E. MCCULLOUGH (SBN 142519)
**KEVIN A. DAY (SBN 222560)**
kday@AlvaradoSmith.com
ALVARADOSMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendants
SHELL PIPELINE COMPANY, a Delaware limited partnership and
ALON USA PARAMOUNT PETROLEUM CORPORATION, a Delaware limited partnership

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C & C PROPERTIES, INC., a California corporation; JEC PANAMA, LLC, a California limited liability company; and WINGS WAY, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SHELL PIPELINE COMPANY, a Delaware limited partnership; ALON USA PARAMOUNT PETROLEUM CORPORATION, a Delaware corporation; EOTT ENERGY OPERATING LIMITED PARTNERSHIP, a Delaware limited partnership; PLAINS ALL AMERICAN GP, LLC, a Delaware limited liability company; and DOES 1 through 25, inclusive,<br><br>Defendants. | **CASE NO.:** 1:14-cv-01889-DAD-JLT<br><br>**STIPULATION FOR PROTECTIVE ORDER; [PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>**(Doc. 110)** |

1
**STIPULATION FOR PROTECTIVE ORDER; STIPULATED PROTECTIVE ORDER**

4451766.1 -- DL2.47

**TO THE HONORABLE JENNIFER L. THURSTON, UNITED STATES MAGISTRATE JUDGE:**

WHEREAS Plaintiffs C & C PROPERTIES, INC., JEC PANAMA, LLC, and WINGS WAY, LLC (collectively, "Plaintiffs"), and Defendant SHELL PIPELINE COMPANY ("Shell") (together with the Plaintiffs, the "Parties" and each a "Party"), hereby stipulate to and request the Court to enter an order approving the following confidentiality agreement and protective order ("Stipulated Protective Order").

1. <u>Definitions</u>.

    (a) "Pending Case" means the action captioned above, pending in the United States District Court for the Eastern District of California.

    (b) "Confidential Information" means information or tangible things that qualify for protection under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure ("FRCP") and other applicable provisions of law.

    (c) "Designating Party" means a Party or non-party that designates Discovery Material as "Confidential" in the Pending Case, specifically as may be produced in connection with Shell's defense in the Pending Case.

    (d) "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in the Pending Case.

    (e) "Protected Material" means any Discovery Material that is designated as "Confidential."

    (f) "Producing Party" means a Party or a non-party that produces Discovery Material in the Pending Case.

    (g) "Receiving Party" means a Party that receives Discovery Material in the Pending Case.

2. <u>Designation of Confidential Information</u>.

(a) For Confidential Information in documentary form (apart from transcripts of depositions), the Producing Party shall stamp "CONFIDENTIAL" on the copies of the document produced. Stamping "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as Confidential unless otherwise indicated by the Producing Party.

(b) For Confidential Information contained in testimony given in deposition, the Party or non-party offering or sponsoring the testimony must identify on the record, before the certification of the deposition transcript, all protected testimony and further specify any portions of the testimony that qualify as "CONFIDENTIAL."

(c) Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If material is appropriately designated by "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

(d) Discovery Material designated as Confidential Information under this Stipulated Protective Order and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential Information shall be used only for the purpose of the prosecution, defense, or settlement of the Contested Matter and for no other purpose.

3. <u>Duration</u>. Even after the termination of the Pending Case, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

4. <u>Access to and Use of Protected Material</u>.

(a) Protected Material that is designated as "Confidential" and produced pursuant to this Stipulated Protective Order may be disclosed or made available only to the Court, counsel for a Party (including the paralegal, clerical, and secretarial staff employed by counsel), and "qualified persons" designated below:

(i) A Party, or an officer, director, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of the Pending Case.

(ii) Any person or entity who authored, received, or was the source of the Protected Material prior to its production or disclosure in this Action.

(iii) Experts or consultants (together with their clerical staff) retained by counsel to assist in the prosecution, defense, or settlement of the Pending Case, who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A).

(iv) Court reporters employed in the Pending Case.

(v) A witness at any deposition or other proceeding in the Pending Case, who has signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A).

(vi) Any other person as to whom the Parties in writing agree, and who has signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A).

(vii) The jurors empaneled in this Action, if any, and necessary courtroom personnel, provided appropriate measures have been take to prevent the Protected Material from becoming filed in the public record.

(b) Nothing in this Stipulated Protective Order shall impose any restrictions on the use or disclosure by a Party of material obtained by such Party independent of discovery in the Pending Case, regardless of whether such material is

also obtained through discovery in the Contested Matter or from disclosing its own confidential material as it deems appropriate.

5.   Challenging Confidentiality Designations.

(a)   Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b)   Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith. The process can be initiated in writing or by voice to voice dialogue. However, if either side requests a voice to voice dialogue during the meet and confer process, the non-requesting side must, in good faith, attempt to comply with the requested voice to voice dialogue as soon as possible.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

(c)   Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material (but does not include the confidential material in the PACER filing) and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with

specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

      6.      <u>Protected Material Subpoenaed Or Ordered Produced In Other Litigation</u>.

      (a)      If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in the Pending Case as "CONFIDENTIAL," the Receiving Party must notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

      (b)      The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

      (c)      The purpose of imposing these duties is to alert the interested Parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

      7.      <u>Unauthorized Disclosure of Protected Material</u>.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstances not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as <u>Exhibit A</u>.

8. <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record (*i.e.* on PACER) in the Pending Case any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with all FRCP sections and local rules that may apply with respect to filing documents under seal.

9. This Stipulated Protective Order shall be without prejudice to the rights of the Parties:

(a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted;

(b) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein;

(c) to seek modification of this Stipulated Protective Order by the Court in the future; or

(d) to object on any ground to use in evidence any of the material covered by this Stipulated Protective Order.

10. This Stipulated Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to the Contested Matter without unnecessarily involving the Court in the process. Nothing in this Stipulated Protective Order nor the production of any information or document under the terms of this Stipulated Protective Order nor any proceedings pursuant to this Stipulated Protective Order shall be deemed to be an admission or waiver by either Party or to be an alteration of the confidentiality or nonconfidentiality of any such document or information or to be an alteration of any existing obligation of any Party or the absence of any such obligation.

11. <u>Final Disposition</u>. This Stipulated Protective Order shall survive the final termination of the Pending Case to the extent that the information contained in Protected Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed under this Stipulated Protective Order. Upon termination of the Contested Matter, the Receiving Parties shall assemble and return the Protected Material received from a Designating Party, including all copies of same, with a written description signed by counsel that all such Protected Material is being returned, has not been disseminated or shall certify the destruction thereof.

12. <u>Immediately Effective</u>.  The Parties hereto agree this Stipulated Protective Order is immediately effective as between counsel upon the full execution hereof.  The Parties and their counsel agree that no documentation marked confidential shall be shared with anyone other than counsel for the Parties until the signed Order is received from the Court.

**IT IS SO STIPULATED.**

DATED: October    , 2016

ALVARADOSMITH
A Professional Corporation

By:_____
   KEITH E. MCCULLOUGH
   KEVIN A. DAY
   Attorneys for Defendants
   SHELL PIPELINE COMPANY, a Delaware limited partnership and ALON USA PARAMOUNT PETROLEUM CORPORATION, a Delaware limited partnership

DATED: October    , 2016

THOMAS VOGELE & ASSOCIATES, APC

By:_____
   Thomas A. Vogele
   Timothy M. Kowal
   Attorneys for plaintiffs C & C Properties, Inc., JEC Panama, LLC, and Wings Way, LLC

**ORDER**

Based upon the stipulation of the parties, the Court **GRANTS** the stipulated protective order.

IT IS SO ORDERED.

Dated: __**October 11, 2016**__        __**/s/ Jennifer L. Thurston**__
                        UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California, on _____ in the case of *C & C Properties Inc.et al. v. Shell Pipeline Company et al.*, District Case Number 1:14-cv-01889-DAD-JLT.  I agree to comply with and to be bound by all the terms of the Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United State Bankruptcy Court for the Eastern District of California, Sacramento Division, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of the above-referenced bankruptcy case.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____