UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C & C PROPERTIES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SHELL PIPELINE COMPANY, et al., <br><br> Defendants. | No. 1:14-cv-01889-DAD-JLT <br><br> ORDER DENYING REQUEST TO SEAL WITHOUT PREJUDICE <br><br> (Doc. No. 251) |

On July 12, 2019, defendants Alon Bakersfield Property, Inc. and Paramount Petroleum Corporation (collectively "Alon") filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), a motion for a new trial pursuant to Rule 59(a), and a motion for judgment as a matter of law pursuant to Rule 50. (Doc. No. 250.) In connection with that motion, Alon filed a notice of a request to seal pursuant to Local Rule 141. (Doc. No. 141.) As explained in that notice, Alon seeks to file a settlement agreement entered into between plaintiffs and Chevron, U.S.A. (the "Settlement Agreement") as an attachment to their motion, and plaintiffs have requested that such filing be done under seal pursuant to the terms of the parties' protective order. (Doc. No. 251-1 at 2.) Having considered Alon's request to seal, as well as the documents submitted *in camera*, Alon's request will be denied without prejudice.

/////

/////

1

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").[1] "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted). The reason for the two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (quotations omitted).

Under the "compelling reasons" standard applicable to dispositive motions such as defendant's motion to dismiss:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling

---

[1] Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

> reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks, omissions, and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In some instances, the proposed filing of documents under seal in connection with motions for preliminary injunction, for sanctions, or in limine—though such motions are not dispositive—may be governed by the "compelling reasons" test, predicated on the right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* at 1097–1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)). In keeping with this principle, requests to seal documents relating to motions for a preliminary injunction have been found by the Ninth Circuit to "more than tangentially relate[] to the merits" because success on the motion for a preliminary injunction would have resolved a portion of the claims in the underlying complaint. *Ctr. for Auto Safety*, 809 F.3d at 1102.

"In general, 'compelling reasons' sufficient to ... justify sealing court records exist when such 'court files might ... become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

/////

/////

**DISCUSSION**

Because the request to seal is made in connection with a motion that "is more than tangentially related to the merits of [the] case," the court may grant the request only upon a showing that compelling reasons exist to seal the materials in question. *See San Diego Comic Convention v. Dan Farr Prods.*, No. 14-CV-1865 AJB (JMA), 2018 WL 2717880, at *1 (S.D. Cal. June 5, 2018) (finding that defendants had presented compelling reasons to seal confidential settlement discussions attached to a motion for a new trial); *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428 PSG, 2013 WL 211115, at *1 (N.D. Cal. Jan. 17, 2013) (applying the compelling reasons standard to a request to seal because defendant's request for judgment as a matter of law "involve[s] dispositive decisions by this court"). Alon itself "takes no position" on the issue of whether the Settlement Agreement must be filed under seal,. (Doc. No. 251 at 2.) Instead, Alon indicates that it is plaintiffs who seek to have the Settlement Agreement filed under seal. (*Id.*) However, for their part, plaintiffs have not submitted anything to the court with respect to why the Settlement Agreement should be sealed, leaving the court with no basis to find that sealing is warranted here.

Because it is apparently plaintiffs' position that the Settlement Agreement must remain sealed, plaintiffs will be required to make the requisite showing. To that end, plaintiffs will have seven days from the date of service of this order to submit briefing to the court demonstrating that compelling reasons exist to justify sealing of the Settlement Agreement. In doing so, plaintiffs should bear in mind that conclusory assertions of privilege, without more, are insufficient. *See Kamakana*, 447 F.3d at 1184 ("Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."). Nor does the fact that a document was previously subject to a protective order necessarily mandate its continued secrecy. *Id.* at 1178–79. In addition, Local Rule 140 contemplates that

/////
/////
/////
/////

4

materials may be redacted rather than sealed in their entirety.[2] *See E. & J. Gallo Winery v. Instituut Voor Landbouw- En Visserijonderzoek*, No. 1:17-cv-00808-DAD-EPG, 2018 WL 3769410, at *2 (E.D. Cal. Aug. 7, 2018); *Mack v. Dearborn Nat'l Life Ins.*, No. 2:14-cv-1665-KJM-DAD, 2014 WL 12572866, at *2 (E.D. Cal. Aug. 26, 2014) (denying plaintiff's request to seal because plaintiff "fails to explain why some or all of the exhibits should not be redacted in accordance with Local Rule 140 rather than sealed"). To the extent plaintiffs believe that redacting the Settlement Agreement is appropriate, they must submit a proposed redacted version of the Settlement Agreement *in camera* for the court's review. As to each redaction sought, plaintiffs are required to explain the legal and factual basis for the proposed redaction in keeping with the legal standards set forth above. Plaintiffs' submission must also conform to this court's Local Rules.

**CONCLUSION**

Accordingly,

1. Alon's request to seal (Doc. No. 251) is denied without prejudice;
2. Within seven days from the date of service of this order, plaintiffs are directed to submit briefing addressing why some or all of the Settlement Agreement should be filed under seal;
3. Such briefing may be submitted *in camera*, if appropriate; and
4. If plaintiffs fail to timely respond to this order, Alon shall file an unredacted copy of the Settlement Agreement on the docket as an attachment in support of its pending motion to alter or amend the judgment, for a new trial and for judgment as a matter of law pursuant to Rule 50.

IT IS SO ORDERED.

Dated: **July 15, 2019**

UNITED STATES DISTRICT JUDGE

---

[2] While the court will entertain plaintiffs' argument that the entire Settlement Agreement should be sealed, at present, the court is not persuaded at this point that would be appropriate. Doing so would appear to be unnecessary in light of the fact that the existence of the Settlement Agreement is a matter of public knowledge

5