Kevin A. Day (SBN 222560)
kday@alvardosmith.com
ALVARADOSMITH
1 MacArthur Place, Suite 200
Santa Ana, CA 92707
Phone:+1 713 852-6800
Fax: +1 714 852-6899

Raymond A. Cardozo (SBN 173263)
Email: rcardozo@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Phone:+1 415 543 8700
Fax: +1 415 391 8269

Kasey J. Curtis (SBN 268173)
Email: kcurtis@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant SHELL PIPELINE COMPANY

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

C & C PROPERTIES, INC., a California corporation; JEC PANAMA, LLC, a California limited liability company; and WINGS WAY, LLC, a Delaware limited liability company,

Plaintiffs,

vs.

SHELL PIPELINE COMPANY, a Delaware limited partnership; ALON USA PARAMOUNT PETROLEUM CORPORATION, a Delaware corporation; and DOES 1 through 25, inclusive,

Defendants.

CASE NO.: 1:14-cv-01889-DAD-JLT

**DEFENDANT SHELL PIPELINE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, NEW TRIAL ON LIABILITY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: August 20, 2019
Time: 9:30 a.m.
Place: 2500 Tulare Street, Courtroom 5
Fresno, CA 93721

JUDGE: Hon. Dale A. Drozd
MAG. JUDGE: Hon. Jennifer L. Thurston

US_ACTIVE-147998752.8

DEFENDANT SHELL PIPELINE CO.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, NEW TRIAL ON LIABILITY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

On August 20, 2019, at 9:30 a.m., in Courtroom 5 of the United States District Court for the Eastern District of California, Robert E. Coyle U.S. Courthouse, located at 2500 Tulare Street, Fresno, CA 93721, Defendant Shell Pipeline Company ("Shell") will and hereby does move this Court pursuant to Federal Rules of Civil Procedure 50 and 59 for judgment as a matter of law in its favor and against Plaintiffs or, in the alternative, a new trial on liability on the grounds that Plaintiffs' trespass claim was deficient. This motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the records and files in this action, the declaration of Kevin Day, and such further evidence and argument as may be presented prior to or at the hearing in this matter.

Shell certifies that it has initiated and completed a meet-and-confer discussion with counsel for all parties regarding their post-trial motions. All parties thoroughly discussed the substance of their contemplated motions, potential resolution, and directing briefing to only those substantive issues requiring resolution by the court. The parties determined that meet and confer efforts have been exhausted.

DATED: July 15, 2019

ALVARADOSMITH

By: */s/ Kevin A. Day*
Kevin A. Day
Attorneys for Defendant SHELL PIPELINE COMPANY

US_ACTIVE-147998752.8

DEFENDANT SHELL PIPELINE CO.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, NEW TRIAL ON LIABILITY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. LEGAL STANDARD ..... 2

III. LEGAL ARGUMENT ..... 2

A. Shell Is Entitled To JMOL Because No Trespass Could Have Occurred Prior To The Resolution Of The Competing Claims Of Right ..... 2

B. Under The Inquiry Notice Standard That Governs A Claim Of Bona Fide Purchaser, The Undisputed Evidence Entitles Shell To JMOL ..... 4

1. The Governing Constructive Notice Standard Requires Only Knowledge Of Facts Sufficient To Trigger An Inquiry ..... 4

2. Even Viewed In The Light Most Favorable To Plaintiffs, The Undisputed Facts Establish That Plaintiffs Had Constructive Notice As A Matter Of Law ..... 6

3. Plaintiffs' Bona Fide Purchaser Arguments Are Meritless ..... 9

C. If The Court Does Not Grant JMOL, It Should Grant A New Trial On Liability ..... 10

D. To The Extent Not Already Presented In This Motion, Shell Incorporates Alon's Arguments On Liability ..... 11

IV. CONCLUSION ..... 11

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– i –

US_ACTIVE-147998752.8

DEFENDANT SHELL PIPELINE CO.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, NEW TRIAL ON LIABILITY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amerco, Inc. v. Tullar*,
182 Cal. App. 2d 336 (1960) ........ 6

*Bell v. Pleasant*,
145 Cal. 410 (1904) ........ 6

*Escriba v. Foster Poultry Farms, Inc.*,
743 F.3d 1236 (9th Cir. 2014) ........ 2

*Experience Hendrix LLC v. Hendrixlicensing.com Ltd*,
726 F.3d 829 (9th Cir. 2014) ........ 2, 10

*Fallon v. Triangle Mgmt. Servs., Inc.*,
169 Cal. App. 3d 1103 (1985) ........ 3

*Hardesty v. Sacramento Metropolitan Air Quality Management District*,
307 F. Supp. 3d 1010 (E.D. Cal. 2018) ........ 2

*Johnson v. Cella*,
122 Cal. App. 2d 72 (1953) ........ 4, 5, 9

*Jones v. Harmon*,
175 Cal. App. 2d 869 (1959) ........ 4, 5, 7

*Pollard v. Rebman*,
162 Cal. 633 (1912) ........ 2, 4, 5

*Ralphs Grocery Co. v. Victory Consultants, Inc.*,
17 Cal. App. 5th 245, 262 (2017) ........ 3

*Rubio Cañon Land & Water Ass'n v. Everett*,
154 Cal. 29 (1908) ........ 4, 5, 7

*Staples v. Hoefke*,
189 Cal. App. 3d 1397 (1987) ........ 3

*Taylor v. Ballard*,
41 Cal. App. 232 (1919) ........ 5, 7, 9

*Union Oil Co. of California v. Terrible Herbst, Inc.*,
331 F.3d 735 (9th Cir. 2003) ........ 2, 10

*Zimmerman v. Young*,
74 Cal. App. 2d 623 (1946) ........ 2, 4

– ii –

US_ACTIVE-147998752.8

DEFENDANT SHELL PIPELINE CO.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, NEW TRIAL ON LIABILITY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**Statutes**

Cal. Civ. Code § 1214 ........................................................................ 2

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– iii –
US_ACTIVE-147998752.8
DEFENDANT SHELL PIPELINE CO.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, NEW TRIAL ON LIABILITY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# I. INTRODUCTION

Throughout the approximately five years that this dispute has been pending, Plaintiffs' claims centered on their assertion that Shell breached an easement agreement that permitted Shell to run its pipeline across Plaintiffs' property because Shell purportedly failed to comply with Plaintiffs' requests to relocate or remove that pipeline. This liability theory assumed Shell's easement agreement remained in force *after* Plaintiffs acquired the land. After all, the request to relocate or remove was made pursuant to the terms of the easement agreement.

At trial, Plaintiffs pivoted. They interjected the inconsistent and alternative theory that Shell's easement was extinguished when Plaintiffs purchased the property and, thus, Plaintiffs were not subject to the easement agreement. This inconsistent theory rested on the contention that Plaintiffs were bona fide purchasers for value who had taken the property without either actual or constructive notice of Shell's easement. This pivot resulted in two wholly inconsistent theories getting submitted to the jury. And, in turn, it led to a verdict on Plaintiffs' trespass claim based on a bona fide purchaser theory, which is legally unsustainable. The Court should enter judgment as a matter of law ("JMOL"), or in the alternative, grant a new trial on liability, for either or both of two independent and equally dispositive reasons.

First, the trespass claim is fundamentally incompatible with the bona fide purchaser theory on which Plaintiffs prevailed at trial. The law of trespass is reserved for encroachments that occur *without* any claim of a right to be present. Yet, here, Shell *had* an easement. It was not until the jury adjudicated Plaintiffs to be bona fide purchasers not subject to Shell's easement that Shell's presence could possibly be deemed unlawful. By then, Shell had relocated its pipeline across the street.

Second, even when viewing the evidence in a light that is most favorable to the verdict, Plaintiffs were on constructive notice of Shell's easement as a matter of law. Before buying the property, they *concededly* were provided with information that made clear Shell was operating its pipeline on the subject land. Under controlling case law, that pre-closing knowledge placed them on constructive notice and defeats their claimed status as bona fide purchaser. Plaintiffs' arguments to

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

the contrary are based on an incorrect legal standard, not the well-established constructive notice standard.

Accordingly, the Court should enter JMOL for Shell on Plaintiffs' trespass claim, or in the alternative, grant a new trial on liability.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 50(b) governs renewed motions for judgment as a matter of law . . . ." *Hardesty v. Sacramento Metropolitan Air Quality Management District*, 307 F. Supp. 3d 1010, 1022 (E.D. Cal. 2018). "A renewed motion for JMOL is properly granted 'if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict.'" *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1242 (9th Cir. 2014).

In addition to the power to grant judgment as a matter of law, a district court can grant a new trial under Federal Rule of Civil Procedure 59(a) on the grounds the jury's verdict is "against the clear weight of the evidence." *Union Oil Co. of California v. Terrible Herbst, Inc.*, 331 F.3d 735, 742 (9th Cir. 2003). "Unlike with a Rule 50 determination, the district court, in considering a Rule 59 motion for new trial, is not required to view the trial evidence in the light most favorable to the verdict." *Experience Hendrix LLC v. Hendrixlicensing.com Ltd*, 726 F.3d 829, 842 (9th Cir. 2014). "Instead, the district court can weigh the evidence and assess the credibility of the witnesses." *Id.*

## III. LEGAL ARGUMENT

### A. Shell Is Entitled To JMOL Because No Trespass Could Have Occurred Prior To The Resolution Of The Competing Claims Of Right

California law clearly recognizes that unrecorded easements create a valid and enforceable interest in real property. *Zimmerman v. Young*, 74 Cal. App. 2d 623, 626-27 (1946). To be sure, under the applicable recording statutes, an unrecorded easement is not enforceable against a bona fide purchaser of the servient estate who records his title first. *See* Cal. Civ. Code § 1214**;** *Pollard v. Rebman*, 162 Cal. 633, 634 (1912) ("But if the grantor of the easement, in such case, for a valuable consideration, afterwards unconditionally conveys the servient tenement to another, who takes

– 2 –
US_ACTIVE-147998752.8
DEFENDANT SHELL PIPELINE CO.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, NEW TRIAL ON LIABILITY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

without notice of the grant of the right of way, or of the use of the way, and with no knowledge of facts sufficient to put him on inquiry concerning it, he will take the land free from the burden of the easement"). But where there is a dispute about whether the buyer qualifies as a bona fide purchaser, the holder of an unrecorded easement still is present on the property pursuant to a legally recognized claim of right.

This is significant because the tort of trespass requires an "unlawful interference" with possession of the property. *Staples v. Hoefke,* 189 Cal. App. 3d 1397, 1406 (1987). In other words, the defendant's lack of permission for its entry, is an essential element of a trespass claim. *See Ralphs Grocery Co. v. Victory Consultants, Inc.*, 17 Cal. App. 5th 245, 262 (2017). And, if the defendant has a right to be present, by easement or otherwise, there can be no trespass. *See id.*

In this case, Shell *had* an easement for its pipeline, albeit one that was unrecorded. (Trial Ex. 6.) At trial, Plaintiffs asserted that the easement could not be enforced against their property interest because Plaintiffs took the property without notice of Shell's interest. (Trial Tr. 1865-66.) That contention established two competing claims of an interest in the land—Plaintiffs' claim it was not subject to Shell's easement and Shell's claim that Plaintiffs were subject to Shell's easement. The trial adjudicated the priority of the competing claims. The jury found in favor of Plaintiffs because it concluded that Plaintiffs qualified as bona fide purchasers without notice. (Verdict Form at 1.)

But the jury's finding that Plaintiffs were bona fide purchasers did not mean that Shell had trespassed before that verdict was rendered—indeed, the verdict precluded such a finding. Until the competing claims were adjudicated and Plaintiffs were found to have met their burden to prove bona fide purchaser status, Shell could not be deemed to have trespassed because—until then—it had a claim of right to be present. The principle that an interest is property is generally not void *ab initio*—but rather continues in effect until it is declared invalid—underscores this conclusion. *Fallon v. Triangle Mgmt. Servs., Inc.*, 169 Cal. App. 3d 1103, 1106 (1985) ("Until a voidable deed is declared void it is fully operative.").

In sum: Shell's easement was not declared void until the jury returned its bona fide purchaser verdict. Thus, Shell could not have trespassed before the date of the verdict. And by that

date, Shell's pipeline was no longer operating and had been removed. Shell, as a consequence, did not commit a trespass as a matter of law, and the Court should grant JMOL in Shell's favor.[1]

**B. Under The Inquiry Notice Standard That Governs A Claim Of Bona Fide Purchaser, The Undisputed Evidence Entitles Shell To JMOL**

Plaintiffs' trespass claim rests on their contention that Shell's easement to operate its pipeline was extinguished when Plaintiffs acquired the property because they were bona fide purchasers who lacked either actual or constructive notice of the easement. Plaintiffs' bona fide purchaser theory fails as a matter of law when the settled constructive notice standard is applied to the record evidence and when viewed in a light most favorable to the verdict.

Under long settled California law, a purchaser has constructive notice if it is aware of facts sufficient to place it upon inquiry of the need for further investigation. Once such inquiry is triggered, the purchaser is charged with knowledge of all facts that a reasonably diligent investigation *could* have discovered. As Shell explains below, the record here establishes that Plaintiffs had, at minimum, constructive notice as a matter of law—and no reasonable jury could find otherwise under the correct constructive notice standard. The Court should therefore grant JMOL in Shell's favor.

**1. The Governing Constructive Notice Standard Requires Only Knowledge Of Facts Sufficient To Trigger An Inquiry**

An unrecorded easement is enforceable against a purchaser who acquires land with either actual or constructive notice that a third party has been granted permission to use the land. *See Zimmerman*, 74 Cal. App. 2d at 626-628. This well-established principle has been repeatedly applied repeatedly to recognize the continuing validity of unrecorded easements to operate subsurface pipelines. *See Johnson v. Cella*, 122 Cal. App. 2d 72 (1953); *Rubio Cañon Land & Water Ass'n v. Everett*, 154 Cal. 29 (1908); *Jones v. Harmon*, 175 Cal. App. 2d 869, 879 (1959).

[1] Additionally, as noted in Alon's post-trial motions, in which Shell joins, Plaintiffs never presented evidence that they recorded their ownership of the property at any time before Shell relocated its pipeline. Therefore, under Civil Code section 1214, Shell's easement remained enforceable against Plaintiffs through the entire relevant period, and there could be no trespass as a matter of law.

– 4 –

US_ACTIVE-147998752.8

DEFENDANT SHELL PIPELINE CO.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, NEW TRIAL ON LIABILITY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

More than one hundred years ago, in *Pollard*, 162 Cal. 633, the California Supreme Court explained the now well-settled constructive notice standard that governs the bona fide purchaser inquiry. As the Court explained, if a grantor of an easement, for a valuable consideration, conveys the encumbered land to a purchaser who takes it without notice of the easement "*and with no knowledge of facts sufficient to put him on inquiry concerning it*, he will take the land free from the burden of the easement." *Id.* at 634 (emphasis added).

However, "[i]f the way [the easement] is at the time in use, and, although not fenced, is marked on the ground either by the effects of the travel over it or by fences or other bounds, so that it is plainly visible and its use obvious to one who examines the premises, the purchaser is put on inquiry with regard to such easement and cannot claim as a purchaser without notice thereof. He cannot escape this by buying without examination. He is bound to take notice *of that which a reasonably careful inspection of the land would disclose* to him." *Id.* at 634-635 (emphasis added).

*Johnson*, 122 Cal. App. 2d 72, is instructive here. In that case, defendants were charged with constructive notice of the existence of a pipeline running under the land by evidence that signs of an underground water system could be observed on the land's surface at the time defendants purchased their property, so it was inferable that pipes ran under their plot. *Id.*at 74-75. The Court of Appeal concluded that the defendants had notice of facts and circumstances sufficient to put them on inquiry as to the pipeline's existence, and from notice of the pipeline, the existence of the easement was discoverable. *Id*. The court explained:

> "Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact." (Civ. Code, § 19.) He is bound to take notice of facts which a reasonable inspection of the land would disclose to him *and to make further inquiry* when something is visible that would suggest such a course to a prudent person, possessing ordinary faculties.

*Id.* at 74 (citing *Pollard*, 162 Cal. 633 and other cases.) (emphasis added).

*Johnson* mirrors other cases in which bona fide purchaser claims were rejected because the buyer was aware of or reasonably could have discovered a third party's use of a right of way in the property. Actual or constructive knowledge of the underlying easement itself is not required because

that fact is discoverable upon a reasonably diligent inquiry from visible evidence of third-party use of the land. *See Rubio Cañon Land & Water Ass'n*, 154 Cal. 29 (buyer was not a bona fide purchaser because it had constructive knowledge of subsurface pipeline); *Jones v. Harmon*, 175 Cal. App. 2d at 879 (buyer charged with constructive notice of easement for underground pipeline where visible structures made inferable the existence of pipeline under land); *Taylor v. Ballard*, 41 Cal. App. 232, 238 (1919) (buyer acquired title subject to unrecorded easement where easement holder's use of road along the contractual right of way would have been discoverable upon an inspection of land).

Under these principles, as Shell now explains, the record here establishes as a matter of law that Plaintiffs had, at minimum, constructive notice that doomed their bona fide purchaser claim.

**2. Even Viewed In The Light Most Favorable To Plaintiffs, The Undisputed Facts Establish That Plaintiffs Had Constructive Notice As A Matter Of Law**

The party claiming bona fide purchaser status has the burden to show lack of notice and reasonable diligence. *Bell v. Pleasant*, 145 Cal. 410 (1904); *Amerco, Inc. v. Tullar*, 182 Cal. App. 2d 336, 338 (1960). Plaintiffs did not meet their burden.

First, there was undisputed evidence that at least two pipeline markers within sight of each other marked the route of the Shell pipeline that crossed the property. (Trial Tr. 1481-83, 1485-86, 1488-89.) The markers had "Shell Pipeline Company" written on them, included a Shell phone number, and formed a line parallel to the road along the southern boundary of the property. (Trial Tr. 1481-83, 1485-86, 1488-89; Trial Ex. 71.) That, in itself, was sufficient to put a reasonable buyer on inquiry. But in this case, there was even more.

Plaintiffs hired environmental engineers, Krazan & Associates, to conduct an Environmental Site Assessment. Krazan's Bill Cooper conducted site reconnaissance and actually observed the pipeline markers. Mr. Cooper called the Shell phone number that appeared on the pipeline markers to ask, for purposes of his environmental assessment, whether Shell had performed integrity tests on the pipeline and whether there had been any releases. (Trial Tr. 896-99.) Mr. Musser of Shell advised that Shell did perform integrity tests on the pipeline and there had been no releases. (Trial



REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Tr. at 899.) Thus, Mr. Cooper's telephone conversation confirmed that Shell was operating a pipeline where Mr. Cooper had observed the pipeline markers. Mr. Cooper then prepared a written report specifying that pipeline markers "indicating a Shell Pipeline Company high-pressure sub-grade petroleum crude-oil pipeline were observed along the southern boundary of the subject site." (Trial Ex. 116 at 7.) Mr. Cooper testified that based on the visible markers, he concluded that the pipeline crossed the frontage of the property running east-west. (Trial Tr. 902-03.) In a drawing included in his report, Mr. Cooper drew a line identifying the location of the pipeline. (Trial Tr. 902-03; Trial Ex. 116 at 34) He also explicitly discussed the pipeline with C&C. (Trial Tr. 908-10.) Consequently, Mr. Cooper's testimony and report clearly establish that the pipeline markers were visible, that the markers were related to a Shell pipeline (not some other line), and that he told Plaintiffs about the Shell pipeline both orally and in writing prior to Plaintiffs' purchase of the property.

Finally, Plaintiffs also hired engineer Roger McIntosh to prepare a Due Diligence Report. In his report, Mr. McIntosh photographed the pipeline markers on the southern part of the property. (Trial Ex. 71.) In addition to identifying the pipeline markers that corresponded to Shell's pipeline, his photograph depicted a Chevron pipeline marker. (Trial Tr. 932-33; Trial Ex. 71.) Accordingly, Plaintiffs were put on further notice of the inaccuracy of Chevron's statement that there were no pipelines on the property.

In light of the evidence presented at trial, there can be no doubt that Plaintiffs were *aware*, prior to the close of escrow, that Shell was operating a pipeline running east-west that crossed the frontage of the property. Under California law, this knowledge charged Plaintiffs with the responsibility to conduct a reasonable investigation about a possible encumbrance. *See Rubio Cañon Land & Water Ass'n*, 154 Cal. at 29; *Jones*, 175 Cal. App. 2d at 879; *Taylor*, 41 Cal. App. at 238.

However, as the evidence establishes, Plaintiffs did not undertake a further inquiry before the close of escrow on the property. Indeed, C&C's Craig Caver could not identify anything Plaintiffs did prior to closing to investigate the Shell pipeline he actually knew about:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Q: Are you aware of anyone at C&C Properties or your partners doing anything with the information contained on page 34 of the Krazan report where it shows the subsurface high pressure crude-oil pipeline on the southern frontage?

A: Yes.

Q: And what did you do?

A: When?

Q: Prior to closing on the property

A: Not prior to closing, I did not do anything.

Q: Do you recall any of your partners in the development doing anything with the pipeline called out in the Krazan report prior to closing?

A: I don't recall?

(Trial. Tr. 386-86.) Nor did any other witness testify to any action that Plaintiffs took to investigate.

Far from conducting the reasonable inquiry that the law requires, Mr. Carver admitted that he simply *assumed* that the Shell pipeline Mr. Cooper had identified ran within the recorded easements of which Plaintiffs were aware. However, *Plaintiffs never attempted to verify that assumption*. (Trial Tr. 375-76.) As Mr. Carver explained, Plaintiffs did not try to confirm whether that particular Shell pipeline matched the recorded easements because the easements had relocation clauses, so Plaintiffs assumed they could have any of the Shell pipelines that were operating on the property moved if Plaintiffs needed:

Q: Did you, yourself, match up the pipeline markers with the easements?

A: No.

Q: Did you ask anybody affiliated with the development of the subject property to match up the pipeline markers with the easements?

A: No. There were relocation clauses in the easements. We assumed that they put them in the right place and if we had to have them moved, we'd have them moved.

(Trial Tr. 375-76.)

By Mr. Carver's own admissions, Plaintiffs *knew* Shell was operating a pipeline in the location that Mr. Cooper had identified in his report. It also was undisputed that Plaintiffs knew Shell had the right to operate at least three pipelines on the land to be purchased under recorded

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

easement agreements. Yet, Mr. Carver did nothing to investigate the pipeline that Mr. Cooper had identified beyond what two technical consultants had told him. Instead, he just *assumed* that the pipeline Mr. Cooper had identified was running through one of the recorded easements that had been disclosed to Plaintiffs. An application of controlling law to these undisputed facts precludes a bona fide purchaser finding as a matter of law.

**3. Plaintiffs' Bona Fide Purchaser Arguments Are Meritless**

Plaintiffs misdirected the outcome on their bona fide purchaser claim through arguments that cannot be reconciled with the controlling law or the undisputed evidence.

First, Plaintiffs argued at trial that they were never aware of the easement agreement itself. This is not a sufficient response under the governing legal standard. As a matter of law, facts sufficient to put the purchaser on inquiry of a potential third-party *use* of the land is sufficient to establish constructive notice. That is why, in every one of the cases cited above that rejected a bona fide purchaser claim, the purchaser was not aware of the *easement*, but was aware of facts from which it *could have been discovered* that a third party was using the land. *See Johnson*, 122 Cal. App. 2d at 74 ("He is bound to take notice of facts which a reasonable inspection of the land would disclose to him *and to make further inquiry when something is visible that would suggest such a course to a prudent person, possessing ordinary faculties*.") (emphasis added); *Taylor*, 41 Cal. App. at 238 ("A purchaser may not by failing to acquaint herself with the open and clearly discernible possession and use of the land by another than her prospective vendor avoid making inquiry on the subject, and thereby evade the rule in regard to notice as well as its consequences.").

This case is even clearer than the cited cases because Plaintiffs admitted that they knew Shell was operating a pipeline at the location Mr. Cooper had identified, and simply assumed that pipeline use was permitted under one of the recorded easements. Thus, by Mr. Carver's own testimony, Plaintiffs assumed prior to their purchase of the land that Shell had permission to operate the particular pipeline that was the subject of the jury's verdict. And Plaintiffs were correct—Shell in fact had permission to operate that pipeline, but the grant was through an unrecorded easement. The fact that Plaintiffs thought Shell's operation of that pipeline was occurring through a recorded

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

easement, instead of the unrecorded easement, is legally irrelevant because under the case law, Plaintiffs' actual or constructive knowledge that a permissive use was occurring on the land prior to their purchase precludes their bona fide purchaser claim as a matter of law.

Second, Plaintiffs highlighted at trial that Mr. Cooper sent an email to Mike Elmore—identified by Mr. Musser as Shell's real estate person—but Mr. Elmore never responded. However, by Mr. Cooper's own admission, Mr. Cooper was conducting an environmental inquiry and was not seeking to assess the easement status of the pipeline he had discovered. Moreover, Plaintiffs' obligation to reasonably investigate potential encumbrances on the purchase of a $3.5 million piece of land crisscrossed by pipelines is not discharged because their environmental consultant sent a single email to Shell while doing a preliminary environmental assessment. Under these circumstances, a "prudent person, possessing ordinary faculties"—particularly one with experience in real estate development like Plaintiffs—would have inquired further rather than just assuming that Shell's pipeline ran in a particular easement.

The Court should hold that Shell is entitled to JMOL on Plaintiffs' bona fide purchaser claim.

**C. If The Court Does Not Grant JMOL, It Should Grant A New Trial On Liability**

In the alternative, the Court should grant a new trial because the verdict is against the clear weight of the evidence for the reasons set forth above. While Shell contends JMOL is warranted, if the Court see things differently, it retains the power to grant a new trial under Rule 59(a) on the grounds that the jury's verdict is "against the clear weight of the evidence." *Union Oil*, 331 F.3d at 742. Under this standard, the Court "can weigh the evidence and assess the credibility of the witnesses." *Experience Hendrix LLC*, 726 F.3d at 842. Shell believes there are two independent reasons why both JMOL or, in the alternative, a new trial is warranted on liability: (1) no trespass could occur prior to the jury's determination of Plaintiffs' bona fide purchaser claim; and (2) Plaintiffs had constructive notice prior to purchasing the land that Shell had permission to operate its pipeline on the land.

**D.  To The Extent Not Already Presented In This Motion, Shell Incorporates Alon's Arguments On Liability**

Alon has filed its own post-trial motion challenging the jury's verdict against it, which is also predicated upon Plaintiffs' bona fide purchaser theory. To the extent not otherwise covered by this motion, Shells joins in Alon's challenges to the jury's verdict. This includes, specifically, Alon's argument: (i) Plaintiffs failed to demonstrate their ability to claim bona fide purchaser status because Plaintiffs did not present evidence JEC Panama and Wings Way purchased the property for valuable consideration or that Plaintiffs' interest was duly recorded; (ii) regarding the inconsistencies in the initial verdict and apparent juror confusion following resubmission.

## IV.  CONCLUSION

For the forgoing reasons, the Court should enter judgment as a matter of law in Shell's favor or, in the alternative, grant a new trial on liability.

DATED:  July 15, 2019                    ALVARADOSMITH

By: */s/ Kevin A. Day*
    Kevin A. Day
    Attorneys for Defendant SHELL PIPELINE COMPANY