UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C & C PROPERTIES, INC., et al., | No. 1:14-cv-01889-DAD-JLT |
| Plaintiffs, | |
| v. | ORDER AUTHORIZING LIMITED JURISDICTIONAL DISCOVERY AND REQUIRING SUPPLEMENTAL BRIEFING |
| Shell Pipeline Co., et al., | |
| Defendants. | (Doc. Nos. 335, 337) |

On August 2, 2021, the Court of Appeals for the Ninth Circuit remanded this action for the limited purpose of determining whether there is complete diversity in this case. (Doc. No. 331.) In the event this court were to determine that complete diversity does not exist, the court was then directed to consider whether the nondiverse party is indispensable or may be dropped from this action in accordance with Federal Rule of Procedure 21. (*Id.* at 3.) Accordingly, this court issued an order requiring the submission of supplemental briefing by the parties addressing the subject of complete diversity on August 6, 2021. (Doc. No. 332.)

Plaintiffs filed their supplemental brief on August 30, 2021. (Doc. No. 335.) Defendants filed separate briefs on September 21, 2021 (Doc. Nos. 336, 337) and plaintiffs filed a reply brief and evidentiary objections to declarations filed by defendants Alon Bakersfield Property Inc. ("Alon Bakersfield") and Paramount Petroleum Corporation ("Paramount") on September 28,

1

2021.  (Doc. Nos. 338, 339.)  On October 5, 2021, defendants Alon Bakersfield and Paramount filed a response to plaintiffs' evidentiary objections.

In its order  remanding the action to this court, the Ninth Circuit stated, "the record is insufficient to determine whether the citizenship of each plaintiff is diverse from the citizenship of each defendant, and factual disputes exist[.]"  (Doc. No. 331 at 2.)  In their supplemental and reply briefs, plaintiffs advance arguments in support of a finding that diversity jurisdiction exists in light of the limited facts available to them.  (Doc. Nos. 335, 338.)  In particular, although plaintiffs allege that defendants' high-level decisions originated from Alon USA Energy, Inc. such that defendants' principal places of business are currently in Tennessee and formerly in Texas, plaintiffs have not offered evidence demonstrating the origin of such high-level decisions beyond indicating that several of Paramount's employees testified to being employees of Alon USA Energy.  (Doc. No. 338 at 16.)  Nor have defendants, on the other hand, introduced any evidence that such high-level decision making occurred in California.  (Doc. No. 337.)  Because defendants Alon Bakersfield and Paramount were substituted into this action on the penultimate day of trial (*see* Doc. No. 335 at 8) and the jurisdictional question was not raised until the eve of oral argument before the Ninth Circuit on appeal (*see id.* at 2), plaintiffs never were provided an opportunity to engage in jurisdictional discovery.  The effect of the lack of such opportunity is apparent in the record, which continues to be insufficient for purposes of determining whether complete diversity exists among the parties.

In their joint status report after remand, the parties requested that the court schedule an evidentiary hearing if it were to determine that the jurisdictional issue could not be resolved on the papers.  (Doc. No. 333 at 3.)  In light of the judicial emergency which continues to plague the Eastern District of California, the undersigned declines to schedule an evidentiary hearing at this time.  Instead, the court will order that the parties engage in jurisdictional discovery limited to the issue of whether complete diversity exists between the parties and that after engaging in that discovery, the parties file further supplemental briefing addressing this issue.

/////

/////

Accordingly,

1. The parties are directed to expeditiously engage in jurisdictional discovery limited to the issue of whether complete diversity exists among the parties to this action; and

2. The parties are directed to file a joint proposed supplemental briefing schedule or other scheduling proposal for resolving the issue which was the subject of the remand order no later than November 15, 2021.

IT IS SO ORDERED.

Dated:  **October 26, 2021**

UNITED STATES DISTRICT JUDGE

3