Raymond A. Cardozo (SBN 173263)
Email: rcardozo@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Phone: +1 415 543 8700
Fax: +1 415 391 8269

Kasey J. Curtis (SBN 268173)
Email: kcurtis@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant SHELL PIPELINE COMPANY

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C & C PROPERTIES, INC., a California corporation; JEC PANAMA, LLC, a California limited liability company; and WINGS WAY, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>SHELL PIPELINE COMPANY, a Delaware limited partnership; ALON USA PARAMOUNT PETROLEUM CORPORATION, a Delaware corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO.: 1:14-cv-01889-LHR-CDB<br><br>**JOINT MOTION TO VACATE JUDGMENT AGAINST SHELL AND DISMISS CASE**<br><br>JUDGE: Hon. Lee H. Rosenthal<br>MAG. JUDGE: Hon. Christopher D. Baker |

## JOINT MOTION TO VACATE JUDGMENT AGAINST SHELL AND DISMISS CASE

Plaintiffs C&C Properties, Inc., JEC Panama, LLC, and Wings Way, LLC ("Plaintiffs") and Defendant Shell Pipeline Company ("Shell") (collectively, the "Parties"), by and through their undersigned counsel, jointly move the Court pursuant to Federal Rule of Civil Procedure 60(b) and Federal Rule of Civil Procedure 41(a)(2) for an order vacating the amended judgment rendered in this case against Shell and dismissing this case with prejudice. Following entry of the amended judgment, both Plaintiffs and Shell appealed to the Ninth Circuit. As part of an appellate mediation in connection with those appeals, the Parties agreed to settle their dispute. Payment has been made pursuant to the terms of that settlement agreement. To implement the settlement and secure the release of the supersedeas bond Shell previously posted, the Parties jointly request that the amended judgment be vacated as to Shell and that this case be dismissed with prejudice.

Federal Rule of Civil Procedure 60(b)(5) permits a district court, "[o]n motion and just terms," to "relieve a party or its legal representative from a final judgment, order, or proceeding" for specified reasons, including that "(5) the judgment has been satisfied, released, or discharged . . . or applying it prospectively is no longer equitable; or [¶] (6) [for] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5)-(6). Rule 60(b) vests district courts with "equitable discretion when reviewing [their] own judgments." *American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1170 (9th Cir. 1998). When considering whether an order vacating a judgment, or "vacatur," is appropriate, district courts employ an "equitable balancing" test under which they are tasked with assessing "whether to vacate [their] judgment in light of 'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" *Id.* at 1168 (quoting *Diley v. Gunn*, 64 F.3d 1365, 1370-71 (9th Cir. 1995)). Here, applying Rule 60(b)'s equitable balancing test and given the circumstances that prompted the Parties' joint request, vacatur is warranted.

First, vacatur is appropriate given that it is jointly requested by the Parties as part of a broader settlement. *Click Entertainment v. JYP Entm't Co.*, 2009 WL 3030212, *2 (D. Haw. Sept. 22, 2009) ("vacating the Verdict and Amended Judgment was contemplated as part of settlement (though not made a condition of settlement), and thus the Court should, where appropriate, support

the negotiations and terms of settlement"); *White v. Shen*, 2011 WL 2790475, *2 (N.D. Cal. July 11, 2011) ("I conclude that the overriding factor is the beneficial effect of the settlement on the parties, especially on the defendant concerned about bankruptcy absent a settlement. This outweighs the other factors I have considered.").

Second, vacatur is appropriate because the judgment arises from a jury verdict and there is therefore no risk that vacating it will alter precedent. Rather, the Parties are merely requesting vacatur to implement their settlement and secure the release of Shell's supersedeas bond. *See In re Apollo Group Inc. Securities Litigation*, 2012 WL 1378677, *10 (D. Ariz. April 20, 2012) ("Further, concerns that are normally prevalent in considering whether to vacate a judgment, such as removing precedent from case law are not present here. The Judgment, which represents the jury verdict, does not itself vary precedential value that would facilitate the resolution of disputes in future cases.").

Third, vacatur is appropriate because, as far as the parties are aware, there are no third parties whose interests would be affected by an order vacating the judgment. Thus, having the judgment remain in place is not itself meaningful. *See White*, 2011 WL 2790475 at *2 (court was unaware of any case that might implicate the issues litigated, so risk that future courts might have to consider anew issues already litigated was a "somewhat neutral" factor); *cf. Ohio Willow Wood Co. v. Thermo-Ply, Inc.*, 769 F. Supp. 2d 1065, 1069 (E.D. Tex. 2011) (vacatur of judgment invalidating patent was inappropriate in part because "[t]here [wa]s a real chance that other parties ... w[ould] become involved in litigation over the patent.").

For these reasons, the parties respectfully request that an order vacating the judgment as to Shell pursuant to the parties' joint motion be entered and that the case then be dismissed pursuant to Rule 41(a)(2).

DATED:  January 17, 2025           **REED SMITH LLP**

                                   By:  */s/ Kasey J. Curtis*
                                        Kasey J. Curtis
                                        Attorneys for Defendant SHELL PIPELINE
                                        COMPANY

DATED: January 17, 2025          **THOMAS VOGELE & ASSOCIATES, APC**

By: _/s/Thomas Vogele_
Thomas Vogele
Attorneys for Plaintiffs C & C PROPERTIES, INC., JEC PANAMA, LLC, and WINGS WAY, LLC

**IT IS SO ORDERED.**

DATED: 1/12/2025

_____
Honorable Lee H. Rosenthal

I, Kasey J. Curtis, attest that as the ECF filer of this Stipulation, I obtained concurrence for this filing from all signatories to this document.

DATED: January 17, 2025          **REED SMITH LLP**

By: _/s/ Kasey J. Curtis_
Kasey J. Curtis
Attorneys for Defendant SHELL PIPELINE COMPANY